# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 329 | **DATE** | 9/24/2002 |
| **CASE TITLE** | Bell Microproducts vs. Relational Funding Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons specified here, Bell's motion to compel is granted in part and denied in part. (11-1) Counsel for Relational and Gulfcoast are ordered to deliver to Bell's counsel all documents identified here for disclosure on or before September 27, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SFP 25 2002 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 15 |
| | Copy to judge/magistrate judge. | | | |
| | | | 9/24/2002 date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BELL MICROPRODUCTS, INC.,   )
                            )
          Plaintiff,        )
                            )
     v.                     )   No. 02 C 329
                            )
RELATIONAL FUNDING CORPORATION, )
et al.,                     )
                            )
          Defendants.       )

**DOCKETED**
**SEP 2 5 2002**

## MEMORANDUM OPINION AND ORDER

In this major commercial dispute brought in this District Court under the auspices of diversity jurisdiction,[1] plaintiff Bell Microproducts, Inc. ("Bell") has moved to compel Relational Funding Corporation ("Relational") and Gulfcoast Workstation Corp. ("Gulfcoast") to produce an entire package of documents that defense counsel say are insulated from discovery by the attorney-client privilege or the work product doctrine or both. When Bell's motion was first presented and both sides' counsel offered their respective oral arguments, this Court ruled that a resolution of the issue necessarily required its in camera review of the documents (an alternative that had been suggested in Bell's motion). Defense counsel, having prepared for that alternative, promptly handed up a folder containing the documents

---

[1] There is no question as to the total diversity of the parties' respective states of citizenship. And as for the other facet of diversity jurisdiction, Complaint ¶¶7, 8 and 12 allege that computer equipment was sold, delivered and not paid for in the sum of $3,141,377.43, somewhat in excess of the over-$75,000-amount-in-controversy jurisdictional floor.

15

that had previously been identified in defendants' privilege log.

When this Court's later emergence from the press of other matters enabled it to turn to the task of inspection, a glitch appeared: As to the documents that had been identified in the privilege log as redacted in whole or in part, what defense counsel had done was to cover with masking tape the redacted portions in the package that counsel had delivered to this Court. Because the blocked-out portions were thus behind the masking tape, this Court's lack of the x-ray vision possessed by Superjudge created an obvious problem. That was then resolved by a joint telephone call to the parties' counsel, which has produced the necessary replacement submission by defense counsel, and this opinion can now proceed.

It should be said at the outset, because this bears importantly on resolution of the motion, that defendants' claim rests entirely on the involvement of Relational's Vice President and General Counsel Horace ("Hob") Jordan, Jr. ("Jordan") in each of the communications--either as author or as addressee or as one of several addressees. But as is often signaled by such legal titles as Jordan possesses, a lawyer employed as house counsel sometimes wears his or her lawyer's hat but also sometimes wears a businessman's or businesswoman's hat--or on occasion he or she may don both simultaneously. Indeed, one of the documents that this opinion finds to be privileged because it does involve legal

advice (Bates No. 460) says in part:

> Also, unless instructed otherwise, any written correspondence you author, whether by letter, memo, Excel spreadsheet, e-mail, etc., should be directed to my attention (at least as one of the recipients) to assure that the attorney-client privilege is retained.

That is not of course how privilege (or for that matter work product) operates. As this Court has said in rejecting such a full-bore approach in Nedloq Co. v. ARA Servs., Inc., 131 F.R.D. 116, 117 (N.D. Ill. 1989):

> But the mere presence of a lawyer's name at the top or bottom of a document is not the bell that causes the dog named Privilege to salivate. What is entitled to protection is really limited to the communication of confidences from client to lawyer, whether any such confidences (or sometimes the fact that confidences have been communicated) is disclosed in a client-authored document or a lawyer-authored response.

Another threshold issue, that relating to choice of law, should also be dealt with up front. When this Court inquired of both sides' counsel on that unaddressed issue, it learned that each transaction between the parties had taken the form of a purchase order from Gulfcoast, followed by the shipment accompanied by an invoice from Bell. No choice of law provision was included in Gulfcoast's purchase orders, but each Bell invoice included as one of its terms and conditions a provision that California law would apply (Bell is a California corporation with its principal place of business in San Jose, California). With no objection having been interposed by Gulfcoast at the time of any delivery, that choice of law provision became part of the

3

contractual relationship. But as for Relational, its Continuing Guaranty of Gulfcoast's obligations also included its own choice of law provision--and that specified recourse to Illinois law.

At this Court's request, each side has submitted a choice of law memorandum to assist this Court in carrying out the analysis under those circumstances. Bell's counsel has addressed the law of privilege of both California and Illinois, while the Relational-Gulfcoast counsel contend--citing some District Court cases so holding-- that Fed. R. Evid. ("Rule") 501 requires the application of Illinois privilege law here, even where a contractual choice of law provision looks to California law. Although that argument seems analytically questionable,[2] it turns out that the issue drops away on examination of the documents in any event: Jordan is involved throughout only as a Relational (and not a Gulfcoast) person, so that the Continuing Guaranty's terms control--and as already stated, that document looks to Illinois law.[3]

It would lengthen the discussion inordinately to provide

---

[2] See Appendix.

[3] Some of the documents appear to implicate work-product issues rather than privilege doctrines. Such issues are to be determined in accordance with federal and not state law (in that respect, Fed. R. Civ. P. 26(b)(3) has codified the seminal decisions in Hickman v. Taylor, 329 U.S. 495 (1947)-- see 6 Moore's Federal Practice §26.70[7] (3d ed. 2002) and cases cited there), but that distinction has posed no difficulties as to any of the documents submitted for review. Some of the rulings here have been based on work product principles.

4

chapter and verse as to why each document this Court has scrutinized falls on one side or the other of the watershed that separates protected from unprotected documents. Suffice it to say that this Court has engaged in the same type of document-by-document review that is exemplified by Midwesco-Paschen Joint Venture v. Imo Indus., Inc., 265 Ill.App.3d 654, 638 N.E.2d 322 (1st Dist. 1994)--indeed, several of the rulings there impact directly on this Court's disposition of like documents. With that analysis having been completed, this opinion will simply first list the documents that need not be disclosed because they are shielded by the attorney-client privilege or the work-product doctrine or both, and it will then turn to identifying the documents that are not so protected and that must therefore be delivered to Bell in response to its document request.

Subject to the further inquiry posed to defendants in the Conclusion, such protected documents comprise Bates Nos. 439 (with the exception hereafter noted), 443, 460 through 462, 466 through 472, 482 through 497 and 499 through 502. All of the other documents, whether unprotected because Jordan's involvement was purely artificial rather than really one of wearing the lawyer's hat, or because his involvement was no different from that of any other corporate executive (essentially acting qua businessman, not qua lawyer), or because the document was intended to be communicated to a non-privileged person (and was

hence unprivileged itself), or otherwise, must be produced: Bates Nos. 438, 439 (as to the paragraph in the communication from Flagsted to Whitsett that begins "Just a suggestion..." and as to Jordan's "Could you fax..." e-mail to Whitsett), 440 through 442, 444 through 459, 463 through 465, 473 through 481 and 498.

## Conclusion

For the reasons specified here, Bell's motion to compel is granted in part and denied in part. Counsel for Relational and Gulfcoast are ordered to deliver to Bell's counsel all documents identified here for disclosure on or before September 27, 2002.

One point should be added: As <u>Midwesco-Paschen</u>, 265 Ill.App.3d at 664, 638 N.E.2d at 329 makes clear:

> Distribution of otherwise privileged materials to individuals outside of the control group destroys the privilege.

Because this Court has no knowledge as to the identity and function of many of the individuals to whom any of the now-ordered-protected documents were transmitted, Bell's counsel are ordered to deliver to this Court's chambers on or before October 4, 2002 (with a copy to defense counsel[4]) a listing of all distributees of any of those documents, together with a

---

[4] Nothing about the listing and descriptions that are called for here, given the fact that they will not be coupled with any document descriptions, creates any risk of the disclosure of privileged materials.

statement of their respective titles and functions that will enable this Court to make the control-group determination. That will facilitate the further review of the presently-protected materials in those terms.

                                          _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date:   September 24, 2002

Appendix

According to the Relational-Gulfcoast counsel and the District Court opinions they cite, Rule 501 calls for application of the privilege law of Illinois even where the parties' contract specifies the application of another state's (say California's) law. But that really does not fit comfortably the language and thrust of Rule 501, which reads in relevant part:

> However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Here the lawsuit's grounding in diversity jurisdiction calls into play Illinois law (in the first instance, its choice of law rules under Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941)). And as reflected in the text of this opinion, those choice of law rules as to the relationship between Bell and Gulfcoast call for honoring the contractual provision that looks to substantive California law. As reconfirmed earlier this year in Belleville Toyota, Inc. v. Toyota Motor Sales U.S.A., Inc., 199 Ill.2d 325, 351, 770 N.E.2d 177, 194 (2002)(citations and footnote omitted):

> The 1980 agreement contained a choice of law provision stating that California law governs. Generally, choice of law provisions will be honored. As to procedural matters, however, the law of the forum controls.

That being so, "the State law [that] supplies the rules of decision" is the law of California and not of Illinois except

"[a]s to procedural matters." Does that then embrace the privilege doctrine of California rather than Illinois? 3 Jack Weinstein & Margaret Berger, Weinstein's Federal Evidence §501.02[3], at 501-18 (Joseph McLaughlin 2d ed. 2002) and cases cited there would give an affirmative answer:

> The majority of circuits apply the privilege law of the state that would be chosen under the choice-of-law rules used by the state where the court sits.

Both cases that the Relational-Gulfcoast counsel cite to the contrary--Abbott Labs. v. Alpha Therapeutic Corp., 200 F.R.D. 401, 404 (N.D. Ill. 2001) and Abbott Labs. v. Airco, Inc., 82 C 3292, 1985 WL 3596 (N.D. Ill. Nov. 4)--omit the last step in that analysis: the conclusion that most cases draw from the facts (1) that Illinois itself calls for California law to provide the rules of decision where the parties' contract so specifies and (2) that a majority of courts view privilege rules as impacting on substantive law, not procedure. By overleaping that step, those cases arguably reach a conclusion at odds with the mandate of Rule 501.

As it turns out, however, the circumstances here eliminate the issue, because the relevant contractual choice of law provision is that of the Continuing Guaranty between Bell and Relational, not the contract between Bell and Gulfcoast--and the former provision calls Illinois law into play in our case. Even so, this Court would be remiss if it did not speak to the issue as it has done in this Appendix.